

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 127 | **DATE** | 5/5/2003 |
| **CASE TITLE** | ILLINOIS BELL TELEPHONE vs. GLOBALCOM, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [8-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAY 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/5/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ILLINOIS BELL TELEPHONE COMPANY, )
INC., )
 ) No. 03 C 0127
        Plaintiff, )
 ) Suzanne B. Conlon, Judge
   v. )
 )
GLOBALCOM, INC. and )
 )
KEVIN WRIGHT, RUTH KRETSCHMER )
EDWARD HURLEY, TERRY HARVILL and )
MARY FRANCES SQUIRES, as Commissioners )
of the Illinois Commerce Commission, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Illinois Bell Telephone Company, Inc. ("Illinois Bell") sues Globalcom, Inc. ("Globalcom") and five Illinois Commerce Commission commissioners in their official capacities (collectively, "defendants") pursuant to the Telecommunications Act of 1996, 47 U.S.C. § 252(e)(6). Specifically, Illinois Bell challenges the Illinois Commerce Commission ("the state commission") decision shielding Globalcom from an early termination charge under a federal tariff. Illinois Bell moves for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

All facts are undisputed. Illinois Bell provides telephone exchange service, exchange access and other telecommunications services in Illinois. Illinois Bell offers customers use of its special access circuits under two tariffs: federal ("federal tariff") and state ("Illinois tariff")(collectively, "the tariffs"). The federal and Illinois tariffs are virtually identical. Globalcom purchased five special



access circuits from Illinois Bell under the federal tariff, certifying that at least 10% of the telecommunications traffic would be interstate.

Illinois Bell offers discounted optional payment plans in connection with the purchase of special access circuits under the tariffs. Substantial price discounts are available to customers who purchase special access service for a specified period of time, rather than on a month-to-month basis. The tariffs further provide that "customers requesting termination of service prior to the expiration of the [optional payment plan] term will be liable for a termination charge." Pl. Facts at ¶ 7. The termination charge is calculated by "[t]he dollar difference between the current [optional payment plan] rate for the [optional payment plan] term that could have been completed during the term the service was actually in service . . . and the customer's current [optional payment plan] rate for each month the service was provided." *Id.*

In late December 2001, Globalcom asked Illinois Bell to convert its use of five special access circuits purchased under the federal tariff to a combination of unbundled elements ("UNEs") known as enhanced extended loops ("EELs") under the Illinois tariff. Illinois Bell refused Globalcom's request, stating that the move would trigger an early termination charge under the federal tariff.

On March 14, 2002, Globalcom tendered a violation notice to Illinois Bell pursuant to § 13-514 of the Illinois Public Utilities Act. Thereafter, Globalcom filed a complaint with the state commission on May 16, 2002 and an amended complaint on May 24, 2002. In its amended complaint, Globalcom claimed Illinois Bell should not be allowed to apply an early termination charge to a conversion from the federal tariff to the Illinois tariff. Illinois Bell moved to dismiss Globalcom's amended complaint. On July 5, 2002, an administrative law judge granted Illinois Bell's motion in part, finding that the state commission lacked jurisdiction "to direct Ameritech to

disable the terms of its federal tariffs, but . . . that Globalcom could proceed to evidentiary hearings with regard to the Illinois tariffs enforced by [the ICC]." Pl. Facts, Ex. C at 8. After an evidentiary hearing on the Illinois tariffs, the state commission held that Illinois Bell "cannot impose termination charges when a customer purchasing special circuits under its [federal] tariff elects to take such circuits under the parallel Illinois tariff instead." *Id.* at ¶ 11. In addition, the state commission denied Globalcom's motion to reconsider the decision granting Illinois Bell's motion to dismiss in part, finding that the federal tariff is "not in derogation of federal law and FCC regulations, and the Commission has no authority to direct [Illinois Bell] to depart from the terms of federal tariffs." Pl. Facts at ¶ 10. The state commission denied rehearing by orders dated December 11 and 30, 2002.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties agree that the Commission's decision is subject to *de novo* review. *See Illinois Bell Telephone Co. v. Wright*, 245 F.Supp.2d 900, 905 (N.D.Ill. 2003)("Federal district courts have uniformly held that a state agency's legal determinations are to be reviewed *de novo*").

3

## II. The State Commission Decision

Illinois Bell argues that the state commission lacked jurisdiction to interpret the federal tariff. The Communications Act of 1934 ("1934 Act"), 47 U.S.C. § 151 *et seq.*, established a system of dual federal and state regulation over telephone service. *Louisiana Public Service Commission v. FCC*, 476 U.S. 355, 360 (1986). Specifically, the 1934 Act granted the FCC the authority to regulate "interstate and foreign commerce in wire and radio communication," while expressly denying it "jurisdiction with respect to . . . intrastate communication service . . . ." *Id., citing* 47 U.S.C. §§ 151 and 152(b). Although the Telecommunications Act of 1996 changed telecommunications regulation to a certain extent, the dual scheme established by the 1934 Act remains virtually intact. *AT&T Corp. v. Iowa Utilities Board*, 525 U.S. 366, 381 n. 8 (1999).

In their responses, neither defendant provides a jurisdictional basis for the state commission's decision. As Globalcom points out, the state commission has authority to regulate intrastate communications, including jurisdictionally "mixed" services comprised of both intrastate and interstate traffic. *See Louisiana Public Service Commission*, 476 U.S. at 360 ("virtually all telephone plant that is used to provide intrastate service is also used to provide interstate service, and is thus conceivably within the jurisdiction of both state and federal authorities"). *See also* 47 U.S.C. § 152(b). However, jurisdiction over intrastate communications does not grant the state commission jurisdiction to interpret a federal tariff. To the contrary, mixed-use special access lines that carry 10% or more of interstate traffic are assigned to the FCC's jurisdiction under federal tariffs. *In re GTE Telephone Operating Cos.*, 13 F.C.C. Rcd. 22,466 at ¶ 23 (1998).

Nevertheless, the state commission determined:

> there is no termination under the federal tariff, and [Illinois Bell's] insistence to the contrary is in derogation of that tariff. The parties have cited nothing in FCC or federal decisions or regulation, or in the Federal Act, that contradicts this conclusion. Federal authorities have simply never addressed whether conversion from the federal to the state special access tariff is a termination that triggers penalties. Therefore, the Commission is free to reach its own conclusion on this issue, and under Section 251(d)(3) of the Federal Act, free to consider the impact of [Illinois Bell's] derogation of its federal tariff on intrastate telecommunications. Our conclusion is that [Illinois Bell's] unwarranted interpretation of its tariff is unreasonable and has the effect of impeding intrastate competition . . .

Pl. Facts, Ex. C at 15. The state commission's three reasons for asserting jurisdiction to interpret the federal tariff are unpersuasive.

Contrary to the state commission's position, lack of federal authority does not confer the state commission with jurisdiction to interpret a tariff exclusively within the federal domain. *See Smith v. Illinois Bell Telephone Co.*, 282 U.S. 133, 148 (1930)("[t]he separation of the intrastate and interstate property, revenues, and expenses of the Company is important not simply as theoretical allocation to two branches of the business. It is essential to the appropriate recognition of the competent governmental authority in each field of regulation"). Nor does 47 U.S.C. § 251(d)(3).[1] In denying Globalcom's motion for reconsideration, the state commission specifically recognized that § 252(d)(3) did not confer jurisdiction to interpret the federal tariff:

> However, to enforce this state's view of federally tariffed termination charges, for the purpose of implementing state law, the Commission would need authority over the thing to which our remedy would apply (i.e., the pertinent federal tariffs). FCC tariffs pertain to interstate, not local, telecommunications services and exist exclusively under federal authority. There is no overlapping state/federal jurisdiction

---

[1] Section 251 prevents the FCC from precluding enforcement of "any state regulation, order or policy that establishes access obligations of local exchange carriers so long as the regulation, order or policy is consistent with the requirements of Section 251 and does not substantially prevent implementation of the requirements of the Act and its purposes."

> over them. We cannot stop the FCC from approving them initially, we cannot fault a carrier for enforcing them later in the manner intended by the FCC, and we cannot change the FCC's interpretation of them. Globalcom is apparently confusing jurisdiction over special access with jurisdiction over the tariffs authorizing special access. This Commission has power over special access, but only when it is provided under an Illinois tariff. Thus, subsection 251(d)(3) has no application in this instance. With regard to FCC tariffs, there is no state power to require remedial action that would contravene FCC rulings regarding those tariffs.

Pl. Facts, Ex. C at 41. Although the state commission attempts to reconcile the inconsistency in its rulings by claiming its decision on the merits is limited to *intrastate* termination charges, it clearly ruled that Illinois Bell's intent to impose termination charges under the *interstate* federal tariff violates Illinois law. *Compare* Pl. Facts, Ex. C at 44 ("Arguably, we could ignore the relevant FCC's [sic] rulings and conclude that interstate termination charges are not applicable . . . as we did earlier in this Order with regard to *intrastate* termination charges")(emphasis added) with *Id.* at 15-16 ("Our two-pronged conclusion is that [Illinois Bell's] interpretation of its *interstate* special access tariff, as articulated in this case, is both unwarranted and, in its effect, a violation of Illinois law")(emphasis added). Indeed, it is undisputed that Globalcom purchased the five special access circuits at issue under the interstate federal tariff, not the intrastate Illinois tariff. Def. Resp. to Pl. Facts at ¶ 8.

Finally, the state commission was not "free to consider the impact of [Illinois Bell's] derogation of its federal tariff on intrastate telecommunications." Id. at 15. In *AT&T Corp.*, the Supreme Court found that the FCC cannot regulate intrastate communications outside its authority even if matters within its primary jurisdiction are affected. *AT&T Corp.*, 525 U.S. at 381 n. 8. It follows that the state commission cannot regulate interstate communications outside its authority, including federal tariffs, that have an ancillary effect on intrastate communications.

6

As the state commission recognized, "Globalcom is not without recourse . . . since it can attack [Illinois Bell's] federal tariffs before the FCC." *Id.* at 44. Absent a jurisdictional basis for the state commission's interpretation of the federal tariff, Illinois Bell's motion for summary judgment must be granted. Accordingly, the court need not reach the merits of Illinois Bell's objections to the state commission's interpretation.

## CONCLUSION

The state commission lacked jurisdiction to interpret Illinois Bell's federal tariff. Therefore, Illinois Bell is entitled to judgment as a matter of law.

May 5, 2003

ENTER:

Suzanne B. Conlon
United States District Judge